Read, J.'■
The .power to bail persons in custody charged with crime, is an original inherent power in the Court of Common Pleas. The right to have this power exerte'd in all cases, unless for capital offences, where the proof is evident or the presumption great, is secured to all persons, by the constitution. The power to bail does not belong to a single judge, unless conferred by express statute.- ’ •
The power to dischai-ge persons in custody charged with crime, is (expressly conferred upon single judges, within the limits of their respective jurisdiction, by the 20th section of the act directing the mode of trial in criminal cases.
The Court of Common Pleas. has ■ original jurisdiction over all crimes and offences. All persons in custody for trial before said Court, have the right to demand to be let to baib
The power to let to bail belongs to the Court of Common Pleas, and has also been conferred' upon single judges by statute. Was it the intention of the Legislature to limit, impair, or in any sense to interfere with the power to let to bail vested' in the Court?' If not, it is .our duty so to construé the statute conferring the power to bail upon single judges, as-not íó producé, or, under any circumstances, -to admit’ such result. If we should hold, that a single judge could let to bail, when the-Court, had. fixed, the amount. of, the'-recognizance and passed upon, the sufficiency of the sureties, in a less sum and with -other sureties, it would be interfering with.the power-of the Court. Indeed .it would be depriving the Court of the right to exercise the .power, in the particular instance,, by withdrawing from its control the object of the power. Such construction would induce this strange result, that the, éntire Court having Mixed the terms of'-bail,-a single judge.-of the. same Court could step down from the bench and discharge, upon'different terms. ' The-,truth is,:'the' Legislature could never -have intended any such thing. The well'recognized and necessary, principle is, that during term tithe,’ the power of-the Court ex-,, fiausts that of each separate Judge,, over all-máttérs proper for the determination of'the whole’. Court. :The Legislature did' *581 not intend bo disturb this principle. The sole object was to secure bb all, at all times, the right to apply.-for bail; and, therefore, it is simply provided that, in the exercise of the power to bail, there shall be no vacation — that when the term of the Court ends, the power shall pass into single judges, to be exercised during vacation. ' -
The Associate Judge, then, taking this recognizance, had no authority to take it. . It is therefore void. It may be said, that although not a statutory recognizance, it may take effect' as a common law bond.
In matters of criminal procedure, the law tolerates no- mongrel of this sort; The construing a matter to be another thing, because it is not what it purports to. be, to give it effect, and at all events tó keep it alive,’leads to the. production of a kind of judicial hybrid, which has no name or place among the clear, well known, and -well defined principles, of the law, and introduces confusion arid: doubt .as to. what the law really is. True, the law will not permit lack of form, or failure to accomplish an. intent, to .work a fraud. But- that class of cases has nothing to do with this. The object of the State is not-money, but to secure-the punishment of crimes,-and to-release the accused from unnecessary rigor of confinement. How .this is to be done is prescribed. It cannot be done by’the act of the party himself, or in any mode but the one pointed out by statute. If not ...done rightly, and the person is-'discharged,, it may be treated as an escape; and the person be re-imprisoned. If the recognizance taken is not a recognizance, it is nothing at all; it binds nobody, and' secures to nobody any, new 'right. Hence it is without consideration or power in any sense, and-would have nothing .to give it effect even, at common law.
The Court of Common Pleas erred in giving judgihent upon this recognizance.- ' . .
Judgment Reversed.'